# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ANDRAS F. BABERO, BAR NO. 1658

No. 85192

**FILED**

NOV 10 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Andras F. Babero be suspended from the practice of law for four years based on violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), RPC 3.2 (expediting litigation), RPC 5.5 (unauthorized practice of law), and RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Babero committed the violations charged. *See In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's factual findings that Babero violated the above-referenced rules as those findings are supported by substantial evidence and are not clearly erroneous. *See* SCR 105(3)(b); *In re Discipline of Colin*, 135 Nev. 325, 330, 448 P.3d 556, 560 (2019). In particular, the record shows that, in representing a client and the client's business in two cases, Babero failed to diligently work on the cases and to keep the client informed as to their status. Babero also worked on one case while administratively suspended for not filing the required CLE report. Ultimately, Babero stopped working on the cases, resulting in the dismissal of the client's claims in one case and a substantial adverse default judgment of $10 million

22-35536

($2.5 million in compensatory damages and $7.5 million in punitive damages) in the other.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

The above actions violated the duties Babero owed to his client and the legal system. His mental state was knowing and his actions caused serious actual injury to his client, with the potential for further injury. The baseline sanction for Babero's misconduct, before considering aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standards 4.42(a) (Am. Bar Ass'n 2017) (recommending suspension when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client"). The panel found, and the record supports, one aggravating circumstance (substantial experience in the practice of law) and three mitigating circumstances (absence of a recent prior disciplinary record, absence of a dishonest or selfish motive, and personal or emotional problems). Considering all the factors, we conclude that a three-year suspension is sufficient to serve the purpose of attorney discipline, *see State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing the purpose of attorney discipline is to protect

the public, the courts, and the legal profession), rather than the four-year suspension recommended by the hearing panel.

Accordingly, we hereby suspend attorney Andras F. Babero from the practice of law in Nevada for a period of three years commencing from the date of this order. Babero shall also pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.[1]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Chair, Southern Nevada Disciplinary Board
       Andras F. Babero
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court

---

[1]The Honorable Abbi Silver having retired, this matter was decided by a six-justice court.